IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHELLE SHOEMAKER, #386705, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) NO. 3:24-cv-00686 |
| AMBER L. PHILLIPS, et al., | ) ) JUDGE RICHARDSON |
| Defendants. | ) ) |

**ORDER**

By Order entered June 21, 2024 (Doc. No. 5), the Court gave notice to pro se Plaintiff Michelle Shoemaker that her original application for leave to proceed in forma pauperis (IFP) was deficient inasmuch as it lacked a signature page. The Court directed the Clerk to provide Plaintiff with a new IFP application form and ordered Plaintiff to cure the signature-page defect within 30 days. (*Id.*)

On July 9, 2024, Plaintiff filed a new IFP application as directed. (Doc. No. 6.) That application, combined with the supporting financial documentation already on record (*see* Doc. No. 2 at 2–9), establishes that Plaintiff lacks the funds to pay the entire filing fee in advance. Accordingly, Plaintiff's new IFP application (Doc. No. 6) is **GRANTED** and a $350 filing fee is **ASSESSED**. The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of her trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of

the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in her account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from her present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to her new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

As the Court has ordered previously in this series of sentencing-related cases that utilize a nearly identical complaint, *see*, *e.g.*, *Cartwright v. Phillips, et al.*, No. 3:23-cv-00670, the instant case will be stayed pending the resolution of related issues in the case of *Ricky Harris v. State of Tennessee, et al.*, No. 3:19-cv-00174 (M.D. Tenn.) (Richardson, J.). Although the plaintiff in that case, Mr. Harris, is no longer represented by counsel, the Court believes it proper (and even in Plaintiff's best interest) to await the resolution of common issues in the *Harris* case, which is further along in its development. At the very least, Plaintiff will not be prejudiced by awaiting the outcome in *Harris*, as the Court would not be able to adjudicate this later-filed case any faster than the older *Harris* case, and the Court's focus on the *Harris* case well might enable the Court to more quickly make the substantive decisions in the *Harris* case (which could then be efficiently applied to the extent appropriate here) that this Plaintiff in effect asks this Court to make in her case.

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants, and the entry of such an order ordinarily rests with the sound discretion of the District Court." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 626–27 (6th Cir. 2014) (quoting *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). In light of the convergence of issues and requests for relief between Plaintiff's case and the *Harris* case, and the likelihood that a stay in this case will serve the interest of judicial economy without causing undue prejudice to Plaintiff from any attendant delay, the Court finds a stay appropriate here. *Cf. Arkona, LLC v. Cnty. of Cheboygan*, No. 1:19-CV-12372, 2021 WL 2381892, at *2–4 (E.D. Mich. June 10, 2021).

Accordingly, proceedings in this case are hereby **STAYED** pending further order of the Court after resolution of related matters in *Harris*, No. 3:19-cv-00174.

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE